IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARGARET G.T. and N.Q.,<br><br>Plaintiffs,<br><br>v.<br><br>OXFORD HEALTH PLANS (NJ), INC. and UNITED BEHAVIORAL HEALTH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [7] DEFENDANTS' MOTION TO DISMISS THE SECOND CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT**<br><br>Case No. 2:20-cv-00211-DBB<br><br>District Judge David Barlow |

Plaintiffs Margaret G.T. and N.Q. allege that Defendants Oxford Health Plans (NJ) Inc. (Oxford) and United Behavioral Health (UBH) improperly denied benefits for mental health treatment under an employee welfare benefits plan. Plaintiffs request recovery of the costs for those benefits under the Employee Retirement Income Security Act of 1974 (ERISA) and the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (Parity Act).[1] Before the court is Oxford and UBH's Motion to Dismiss the Second Cause of Action of Plaintiffs' Complaint[2] (Motion). Because Plaintiffs' second cause of action fails to state a plausible claim for violation of the Parity Act, the court grants the Motion and dismisses Plaintiffs' second cause of action without prejudice.

---

[1] *See* Complaint, ECF No. 2, filed March 30, 2020.

[2] Oxford Health Plans (NJ) Inc. and United Behavioral Health's Motion to Dismiss the Second Cause of Action of Plaintiffs' Complaint (Motion), ECF No. 7, filed June 2, 2020.

Defendant attaches several documents to its motion to dismiss. Ordinarily these additional documents could result in the court converting the motion to dismiss to a motion for summary judgment.[3] However, the court need not consider these documents for purposes of the Motion. Accordingly, the Motion remains a motion to dismiss and the court declines to consider the documents submitted with the Motion.

## BACKGROUND

Plaintiff Margaret's employer provided healthcare benefits to its employees and their dependents through a group health benefit plan (Plan).[4] Margaret was and continues to be a Plan participant, and N.Q., her son, was and continues to be a Plan beneficiary.[5] The Plan is a fully insured employee welfare benefits plan subject to ERISA.[6]

N.Q. received medical care and treatment at Boulder Creek Academy and ViewPoint Center, which are residential treatment facilities, licensed in Idaho and Utah, respectively.[7] N.Q. was admitted to Boulder Creek on March 31, 2016[8] and was discharged from Boulder Creek in November 2017.[9] From the date of his admission until January 1, 2017, N.Q.'s treatment at Boulder Creek was covered by his father's insurance.[10] On January 1, 2017, his insurance

---

[3] *See* Fed. R. Civ. P. 12(d).

[4] *Id.* at ¶ 2.

[5] *Id.* at ¶ 5.

[6] *Id.*; 29 U.S.C. § 1001 *et seq.*

[7] Complaint at ¶ 6.

[8] *Id.* at ¶ 16.

[9] *Id.* at ¶ 19.

[10] *Id.*

2

coverage switched to Margaret's Plan under UBH.[11] UBH refused to pay for N.Q.'s treatment at Boulder Creek from January 1, 2017 until his discharge.[12]

N.Q. was then admitted to ViewPoint on November 12, 2017.[13] UBH paid for N.Q.'s treatment at ViewPoint from November 12, 2017 through November 27, 2017.[14] UBH denied coverage for N.Q.'s remaining time at ViewPoint until his discharge on December 22, 2017.[15]

Margaret requested a retroactive review of coverage at Boulder Creek for N.Q.'s care there up until September 6, 2017.[16] UBH reviewed N.Q.'s care and denied coverage.[17] Margaret appealed UBH's decision.[18] On July 10, 2018, UBH upheld its denial of coverage.[19] On October 19, 2018, UBH, under the trade name Optum, again denied coverage for N.Q.'s treatment from January 1, 2017 through August 10, 2017.[20] On January 24, 2019, Margaret requested an external review of the denial.[21] The external reviewer also upheld UBH's denial.[22]

---

[11] *Id.*

[12] *Id.*

[13] Complaint at ¶ 20.

[14] *Id.* at ¶ 21.

[15] *Id.*

[16] *Id.* at ¶ 22.

[17] *Id.* at ¶ 23.

[18] *Id.*

[19] Complaint at ¶ 24.

[20] *Id.* at ¶ 25.

[21] *Id.* at ¶ 27.

[22] *Id.* at ¶ 33.

Margaret appealed the denial of coverage for N.Q.'s treatment from November 27, 2017 until his date of discharge.[23] She requested all relevant documents related to the Plan.[24] UBH upheld the denial of coverage.[25] Margaret again appealed the denial.[26] And again UBH upheld the denial.[27] Plaintiffs brought this lawsuit as a result of the coverage denials.

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[28] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[29] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[30] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law are disregarded.[31]

## DISCUSSION

UBH moves the court to dismiss Plaintiffs' second cause of action alleging a Parity Act violation. UBH argues that Plaintiffs have not identified a specific plan limitation establishing a

---

[23] *Id.* at ¶¶ 35–36.

[24] *Id.* at ¶ 42.

[25] Complaint at ¶ 43.

[26] *Id.* at ¶ 44.

[27] *Id.* at ¶ 48.

[28] Fed. R. Civ. P. 12(b)(6); *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[29] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[30] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

disparity in treatment of mental health or substance use claims.[32] UBH also argues that Plaintiffs have not adequately pled a medical or surgical analogue for residential treatment.[33] UBH next argues that Plaintiffs have failed to identify a disparity in the limitation criteria applicable to a medical or surgical analogue for residential treatment.[34] UBH finally argues that Plaintiffs have failed to plead adequate facts supporting an as-applied violation of the Parity Act.[35] The court dismisses Plaintiffs' Parity Act claim for the failure to provide factual support for its claim and accordingly does not address UBH's other arguments.

### A. Plaintiffs Have Not Alleged a Plausible Parity Act Claim.

The Parity Act requires that "treatment limitations applicable to . . . mental health or substance use disorder benefits" are "no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits."[36]

A successful Parity Act claim requires a plaintiff to establish that a benefits plan, on its face or as-applied, discriminates against mental health treatment or coverage.[37] A plaintiff

---

[32] Motion at 10–13.

[33] *Id.* at 13–15.

[34] *Id.* at 15–21.

[35] *Id.* at 21–25.

[36] 29 U.S.C. § 1185a(a)(3)(A)(ii); *see* 29 C.F.R. § 2590.712(c)(2)(i) (prohibiting a group health plan from applying "any financial requirement or treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant financial requirement or treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification").

[37] *Peter E. v. United HealthCare Servs., Inc.*, No. 2:17-cv-00435, 2019 WL 3253787, at *3 (D. Utah July 19, 2019); *see also* 29 C.F.R. § 2590.712(c)(4)(i) (prohibiting a health plan from imposing nonquantitative treatment limitations more stringently to mental health and substance use disorder benefits than comparable medical or surgical benefits "under the terms of the plan (or health insurance coverage) as written" or "in operation, any processes, strategies, evidentiary standards, or other factors used in applying the [limitation]").

asserting an as-applied claim must do more than state conceptually that the mental health services were treated worse than other services. Extensive, specific facts are not required, but a plaintiff must allege at least "some facts" showing that disparate treatment occurred.[38] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[39]

In this case, Plaintiffs allege that "UBH's medical necessity criteria for intermediate level mental health treatment benefits are more stringent or restrictive than the medical necessity criteria Oxford applies to intermediate level medical or surgical benefits."[40] Plaintiffs further allege that the Plan terms and UBH "use processes, strategies, standards, or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, than the processes, strategies, standards or other factors used by the Plan to limit coverage for medical/surgical treatment in the same classification."[41]

UBH argues that Plaintiffs have failed to state a claim on which relief can be granted for their second cause of action—violation of the Parity Act.[42] UBH contends that Plaintiffs: (1) have not identified a specific plan limitation that establishes a disparity between the alleged medical or surgical analogues and mental health or substance use treatment; (2) have not adequately pled a medical or surgical analogue; (3) have not identified a disparity in the criteria

---

[38] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

[39] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[40] Complaint at ¶ 60.

[41] *Id.* at ¶ 68.

[42] Motion at 9–25.

6

applied to any medical or surgical analogue; and (4) have failed to allege facts to support their as-applied Parity Act claim.[43]

Plaintiffs have alleged facts regarding their own experience. But Plaintiffs have made only conclusory allegations about any medical or surgical analogue and the as-applied discrimination involving any analogue. These allegations include: "UBH does not require individuals receiving treatment at sub-acute inpatient facilities for medical/surgical conditions to satisfy acute medical necessity criteria in order to receive benefits,"[44] and UBH's denial "process resulted in a disparity because UBH denied coverage for mental health benefits when the analogous levels of medical or surgical benefits would have been paid by the Plan."[45] These are conclusory allegations that merely contend that UBH treats individuals seeking medical or surgical benefits differently than those seeking mental health treatment. They do not provide facts about the alleged disparate treatment.

Plaintiffs' "general assertions" of disparate treatment, "without any details whatsoever" about how UBH treated comparator medical or surgical claims, are "insufficient to survive a motion to dismiss."[46] A court need not accept as true conclusory factual allegations and legal conclusions in the context of a motion to dismiss, and these allegations and conclusions are insufficient to carry a plaintiff's Rule 8 burden.[47]

---

[43] Motion at 10–24.

[44] Complaint at ¶ 66.

[45] *Id.* at ¶ 67.

[46] *See Khalik*, 671 F.3d at 1193.

[47] *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); *Iqbal*, 556 U.S. at 678–79 (explaining that the relaxed pleading requirements in Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hypertechnical, code-pleading

7

Plaintiffs make the necessary factual allegations about UBH's conduct regarding N.Q.'s mental health treatment coverage. However, Plaintiffs' allegations form only part of the required factual pairing of mental health treatment and medical or surgical treatment and are thus insufficient to state a Parity Act claim. Although Plaintiffs identify skilled nursing facility treatment, inpatient hospice care, and rehabilitation facility treatment as medical or surgical analogues for N.Q.'s mental health treatment, Plaintiffs allege no supporting facts about these comparator treatments. Without facts about actual, as-applied, coverage for analogous medical or surgical treatment, there can be no comparison and thus no claim. The court requires "plausible grounds to infer" UBH applied a more restrictive treatment limitation to mental health coverage than it applied to alleged comparable medical or surgical coverage.[48]

### B. Plaintiffs May Seek Leave to Amend their Complaint.

Plaintiffs requested from UBH certain documents relevant to their claim, including the medical necessity criteria for skilled nursing facilities or rehabilitation in their appeal of the denial of benefits for N.Q.'s treatment at ViewPoint.[49] UBH contends that the request should have been directed to the plan administrator.[50] The court does not make a determination about the proper entity from which Plaintiffs should request the Plan documents, but does determine that Plaintiffs are entitled to the documents they request that are identified in 29 C.F.R.

---

regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

[48] *See Twombly*, 550 U.S. at 556.

[49] *Id.* at ¶ 42.

[50] Motion at 24.

§ 2590.712(d)(3). After receipt and review of these documents, Plaintiffs may then seek leave to amend their complaint accordingly.

## ORDER

UBH's motion to dismiss is GRANTED. Plaintiffs' second cause of action is dismissed without prejudice.

Signed February 4, 2021.

BY THE COURT

_____

David Barlow
United States District Judge
